COURT OF APPEALS
DECISION
DATED AND FILED

July 25, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2018AP822**

STATE OF WISCONSIN

Cir. Ct. No. 2017CV1475

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN EX REL. ARMOND HILL,

PETITIONER-APPELLANT,

V.

BRIAN HAYES, ADMINISTRATOR, HEARINGS AND APPEALS,

RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Dane County: FRANK D. REMINGTON, Judge. *Affirmed*.

Before Lundsten, P.J., Blanchard and Fitzpatrick, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Armond Hill appeals an order on certiorari affirming the respondent's decision to revoke his probation. We affirm.

¶2     Review on certiorari is limited to whether:  (1) the agency kept within its jurisdiction; (2) it acted according to law; (3) its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) the evidence was such that it might reasonably make the order or determination in question.  *Coleman v. Percy*, 96 Wis. 2d 578, 588, 292 N.W.2d 615 (1980).

¶3     Hill first argues that the respondent, administrator of the division of hearings and appeals, applied an incorrect legal standard in deciding to revoke him.  Hill argues that the respondent used a test based on the goals of a police department special investigations unit (SIU), instead of the proper legal test.

¶4     This argument fails because Hill offers little in the way of record support.  The administrator's decision makes only one specific reference to the SIU:  "Also as stated in the underlying [ALJ] decision, the fact that Hill was chosen to participate in the Special Investigations Unit (SIU) only shows that he had access to additional services in the community in order to comply with community supervision."  We do not read that sentence as adopting any viewpoint of the SIU but, rather, as indicating that the fact that Hill was chosen for the SIU was not itself a factor supporting the revocation decision.

¶5     Hill relies on what he regards as the parallels between parts of the respondent's decision and a police department news release describing the unit's work.  Specifically, he relies on the respondent's mention of the fact that, because of his SIU selection, Hill had access to additional services, but Hill then failed to access the services, resulting in a finding that there were no reasonable alternatives to revocation.  Hill does not clearly explain why these points would be improper to consider as part of applying the correct legal test.  The fact that they may be similar to concepts related to the SIU is not significant because these concepts are

basic ones that are inherent in revocation decisions. There is no indication in the respondent's revocation decision that the respondent used those concepts because they were related to the SIU.

¶6 Hill next argues that the respondent's decision was arbitrary because it did not demonstrate that the respondent had a sufficient knowledge of the record. His argument is, in effect, that the administrator must document specifically which parts of the record the administrator reviewed. However, none of the case law cited by Hill imposes such a requirement.

¶7 To the extent Hill may also be arguing that the administrator was required to expressly consider and reject all potential alternatives to revocation before deciding to revoke Hill, we also reject that argument. Again, Hill has not cited authority that imposes such a requirement.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).